**Benita HERNANDEZ–LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70751.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

---

* The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, Elizabeth J. Stevens, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Benita Hernandez–Leon seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Hernandez–Leon's application for cancellation of removal. We dismiss in part and grant in part the petition for review, and remand.

We lack jurisdiction to review the IJ's discretionary determination that Hernandez–Leon failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Hernandez–Leon's contention that the agency deprived her of due process by misapplying the law to the facts of her case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775,

779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed). Hernandez–Leon's remaining contentions that we have jurisdiction to review the IJ's finding as to exceptional and extremely unusual hardship are also unpersuasive.

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED in part and GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.